UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 17-11979-RGS

JUCELIA DE SOUZA NETO

v.

YOLANDA SMITH and
STEVEN W. TOMPKINS

MEMORANDUM AND ORDER
ON THE GOVERNMENT'S MOTION TO DISMISS

October 16, 2017

STEARNS, D.J.

This is Jucelia de Souza Neto's second habeas corpus petition challenging her detention by Immigration and Customs Enforcement (ICE). The undisputed facts were previously described in the court's decision dismissing de Souza Neto's first petition, *see de Souza Neto v. Smith*, 2017 WL 4287543, at *1 (D. Mass. Sept. 27, 2017), and will be repeated here only to the extent relevant to this petition. In 2007, de Souza Neto, a Brazilian national, was deported from the United States pursuant to a final order of removal. She unlawfully re-entered the United States a few weeks later. She was arrested in March of 2017 for motor vehicle related infractions (later dismissed) and transferred to ICE custody on April 5, 2017. Pursuant to 8

U.S.C. § 1231(a)(5), ICE reinstated the prior removal order.[1]  While in ICE custody, de Souza Neto initiated withholding proceedings.  An immigration officer determined that she had expressed a reasonable fear of returning to Brazil.  An immigration judge (IJ) held a hearing on de Souza Neto's withholding claim on September 13, 2017, but has yet to issue a decision on her case.

De Souza Neto's second petition contends that because her detention has now surpassed six months, the presumptively reasonable period for custody pending removal, see *Zadvydas v. Davis*, 533 U.S. 678, 700-701 (2001), this court should order her release or order ICE to conduct a bond hearing.  The court recently held, in *Rodriguez-Guardado v. Smith*, 2017 WL 4225626, at *2 (D. Mass. Sept. 22, 2017), that an alien's availment of avenues of relief from removal (in Rodriguez-Guardado's case seeking and obtaining from ICE a discretionary stay) constitutes an "act[] to prevent the alien's removal subject to an order or removal" that operates to extend the removal period beyond the statutorily mandated 90 days.  8 U.S.C. § 1231(a)(1)(C).  Adhering to its holding in *Rodriguez-Guardado*, the court rules that de Souza Neto's initiation of withholding proceedings extends the time for the

---

[1] Where, as here, an alien re-enters the United States illegally after departing pursuant to a final order of removal, the prior order is reinstated as of the original date and is not subject to being reopened or reviewed.

government to execute the reinstated removal order.[2,3]  Accordingly, de Souza Neto's petition is <u>DISMISSED</u>.  The Clerk will close this case.

                            SO ORDERED.

                            /s/ Richard G. Stearns

                            _____
                            UNITED STATES DISTRICT JUDGE

---

[2] Although de Souza Neto alleges that ICE did not provide her with a Notice of Failure to Comply under 8 C.F.R. § 241.4(g)(1)(ii) that her removal period has been extended, the lack of notice "shall not have the effect of excusing the alien's conduct."  8 C.F.R. § 241.4(g)(5)(iv).

[3] If the IJ affords de Souza Neto withholding relief and the government is unable to remove de Souza Neto to an alternate country within the extended removal period, she may at that time be eligible for the post-removal-period custody determination process set out in 8 C.F.R. § 241.4.